CITY OF OWOSSO *v.* MICHIGAN CENTRAL RAILROAD CO.

1. MUNICIPAL CORPORATIONS — ORDINANCES—RAILROADS—OBSTRUCTING CROSSING.

An ordinance of the city of Owosso forbidding railroad companies from obstructing street crossings for more than five minutes, under a penalty of not to exceed $50, does not conflict with the general statute upon the same subject, which imposes a fine of $25 for each offense, 2 Comp. Laws, § 6301 (3 How. Stat. [2d Ed.] § 6656), and is expressly authorized by the provisions of sections 3173, 3183, 3186, 2 Comp. Laws (2 How. Stat. [2d Ed.] §§ 5695, 5705, 5708).[1]

2. SAME—CRIMINAL LAW—PENALTY—ACTIONS.

The city was authorized to bring an action of assumpsit for the penalty against a corporation, which could not be imprisoned under the ordinance, although a fine and imprisonment were included as a part of the penal provisions of the enactment. See 1 Comp. Laws, § 3090 (2 How. Stat. [2d Ed.] § 5612).

OSTRANDER, J., dissenting.

Error to Shiawassee; Miner, J.   Submitted April

29, 1914. (Docket No: 175.) Decided January 4, 1915.

Assumpsit by the city of Owosso in justice's court against the Michigan Central Railroad Company for a penalty. Defendant appealed to the circuit court. Judgment for plaintiff. Defendant brings error. Affirmed.

*Samuel H. Kelley,* for appellant.

*Seth Q. Pulver,* for appellee.

MOORE, J. The plaintiff has an ordinance reading in part as follows:

"SEC. 2. It shall be unlawful for any railroad company, owning or operating any railroad running into or through the city of Owosso, to allow any engine, car or train of cars to remain standing on its tracks at the crossing of any street within the city of Owosso, so as to obstruct travel upon any sidewalk or street for a longer period than five minutes at one time."

"SEC. 5. Every person violating the terms of sections 2, 3 or 4 of this ordinance shall upon conviction thereof, be punished by a fine not exceeding $50, in addition to the costs of prosecution, or by imprisonment in the county jail of Shiawassee county for a period not exceeding 60 days, or by both such fine and imprisonment, in the discretion of the court."

It is the claim of the plaintiff, and there is testimony tending to support the claim, that upon the 20th day of October, 1913, in the forenoon, a freight train upon the tracks of the Michigan Central Railroad Company passed partially over the crossing on West Main street, in the city of Owosso, and stopped in such a manner as to completely block the crossing. West Main street is a paved business street, and just west of the Michigan Central tracks, upon the south side of the street, is situated the fire station house of

the Owosso fire department. That department received a call of fire and in the usual manner answered the alarm. The fire was east of the Michigan Central tracks, and it was necessary for the fire department to cross the Michigan Central tracks on West Main street. The wagon passed out into the street, but was obliged to stop because of the obstruction of the train of cars on the Michigan Central Railroad. It is claimed the train obstructed the crossing eight minutes or more.

On October 21, 1913, a summons was issued by one of the justices of the peace at Owosso, for defendant, in a plea of trespass on the case upon promises, to plaintiff's damage $500 or under. On the return day each party appeared by its attorney, and plaintiff declared orally in an action of debt for the penalty of $50 or under by virtue of the ordinance referred to.

Defendant pleaded specially, and asked that the case be dismissed because:

(1) That the ordinance was intended to make the offense criminal, and did not authorize an action of debt, nor the collection of a penalty.

(2) No provision was made for the punishment of an individual for the violation of said ordinance, and it cannot be applied to corporations as a corporation.

(3) The so-called ordinance, authorizing this or any proceeding for the blocking of crossings or highways, is in contravention of the statutes of this State.

(4) The city of Owosso has no power to sue for or collect a penalty in its own name, for the reason that the statute provides that the action must be brought in the name of the people, by the prosecuting attorney of the county, upon the request of the authorities of the city.

The court denied the motion to dismiss, and defendant pleaded the general issue. The case was tried. The justice found the defendant guilty as alleged in the declaration and assessed damages against defend-

ant in the sum of $30 and costs. The defendant took an appeal to the circuit court, where later the cause came on for trial before a jury. Defendant objected to the introduction of the ordinance, and renewed the objections made in the justice's court, which objections were overruled. The trial of the cause then proceeded, and the jury returned a verdict in favor of the plaintiff, finding the defendant guilty as alleged in the declaration and fixed the fine at $50. Whereupon judgment was duly entered. The case is brought here by writ of error.

Appellant's counsel calls attention to section 6301, 2 Comp. Laws (3 How. Stat. [2d Ed.] § 6656), which forbids a railroad company from obstructing streets and highways for more than five minutes, and providing a penalty therein of $25, and insists the ordinance is in contravention to section 6301, for the reason that the statute provides for a penalty of $25, and the ordinance provides for a fine of not to exceed $50. We think a complete answer to this contention is found in 1 Comp. Laws (2 How. Stat. [2d Ed.] § 5695). Section 3173 provides:

"The council shall have supervision and control of all public highways, bridges, streets, avenues, alleys, sidewalks and public grounds within the city, and shall cause the same to be kept in repair and free from nuisance."

Section 3183 provides:

"The council shall have the power to prohibit and prevent obstructions and incumbrances in, and encroachments upon the public highways, streets and alleys of the city and to remove the same, and to punish those who shall obstruct, incumber, encroach or maintain any encroachments, upon or in any such highway, street or alley."

Section 3186 provides:

"The council may regulate the use of the public

highways, streets, avenues and alleys of the city, subject to the right of travel and passage therein.   *   *
* And to prohibit, prevent, remove and abate all nuisances therein, and to require the authors and maintainers thereof to remove the same and to punish them; and generally to prescribe and enforce all such police regulations over and in respect to the public streets, as may be necessary to secure good order and safety to persons and property in the lawful use thereof."

Appellant's counsel insists, however, that even if the ordinance is valid the plaintiff has mistaken its remedy. We quote from the brief:

"An ordinance, like a statute, must be strictly construed. The ordinance in question designates a procedure in case of its violation of a purely criminal nature. It is not a case where the charter provides for the collection of a fine imposed under such an ordinance by suit where it is not paid, but the fact that we wish to emphasize is that the ordinance expressly designates the method of procedure by appropriate terms which can only refer to the authorization in the charter of procedure of the character of a criminal prosecution and at no place, inferentially or otherwise, provides for the bringing of a suit for the collection of a fine in advance of the procedure outlined by the ordinance. We are not dealing with a case where the ordinance imposes a penalty and leaves the collection of the penalty to the general authorization in the charter. The trouble has been that the court and the attorney for the plaintiff have been unable to appreciate the legal difference between a fine and a penalty, treating the terms as one and the same, and the conclusions of law based thereon cannot help but lead to improper deductions and conclusions. * * * The word 'person' in the statute applies to corporations. Subdivision 12, § 50, 1 Comp. Laws; *Chicago, etc., R. Co. v. Ellson*, 113 Mich. 30 [71 N. W. 324]; *Turnbull v. Lumber Co.*, 55 Mich. 387 [21 N. W. 375]; *Bush v. Sprague*, 51 Mich. 41 [16 N. W. 222]. It could be brought into court in a criminal case by summons served upon its officers, trial had, and, if convicted, could be fined. Then the fine could be collected,

if not paid, by an action in debt or assumpsit. But no such procedure was taken in this case."

It already appears that the council was authorized to pass the ordinance.

It is conceded that the corporation could not be imprisoned, though section 5 of the ordinance provides for both fine and imprisonment in case of violations of the ordinance. Section 3090, 1 Comp. Laws (2 How. Stat. [2d Ed.] § 5612), reads:

"(3090) SEC. 2. Whenever a pecuniary penalty or forfeiture shall be incurred for the violation of any ordinance, and no provision shall be made for the imprisonment of the offender upon conviction therefor, such penalty or forfeiture may be recovered in an action of debt, or in assumpsit; and if it be a forfeiture of any property, it may be sued for and recovered in an action of trover, or other appropriate action. Whenever a corporation shall incur a penalty or forfeiture for the violation of any ordinance, the same shall be sued for in one of the actions aforesaid."

Without stopping to refine words, we think section 5 of the ordinance provides a penalty, as the word is ordinarily understood, for its violation, and that the statute we have just quoted justifies the bringing of the action in the way it was done. A statute having similar provisions was construed in *Yerkes* v. *Smith,* 157 Mich. 557 (122 N. W. 223). See, also, 3 Comp. Laws, § 9805.

We have examined the other assignments of error, but do not deem it necessary to discuss them.

Judgment is affirmed.

BROOKE, C. J., and MCALVAY, KUHN, STONE, BIRD, and STEERE, JJ., concurred with MOORE, J.

OSTRANDER, J. (*dissenting*). I think no recovery can be had under the ordinance in this form of action. The ordinance is not aided by the sections of the general law referred to in this opinion.