PEOPLE *v.* WIEGAND.

1. Statutes—Penal Statutes.
    A penal statute must clearly and explicitly define the crime and classify the acts which constitute it so that any ordinary person can tell what he may or may not do thereunder.

2. Carriers—Construction of Penal Statutes—Local Operations.
    Statute imposing penalty upon motor carrier for violation of provision of motor carrier act exempting "motor carriers of property whose local operations may extend a distance of not to exceed 8 miles beyond the boundary of such city or village in which such local operations are wholly carried on," failed to define with clarity the crime and classification of acts which may constitute it, hence, it was proper to grant motion to dismiss charge that defendant carrier had violated the motor carrier act where its truck had left its terminal, proceeded to point of origin of cargo, and carried the cargo to destination, all of which points and routes were within 8 miles of city in which it conducted local operations but not within the city (CL 1948 and CLS 1956, § 475.1 *et seq.*, as last amended by PA 1957, No 150).

Appeal from Wayne; Bohn (Theodore R.), J. Submitted October 5, 1962. (Calendar No. 80, Docket No. 49,608.) Decided February 7, 1963.

George Edward Wiegand and W. & T. Cartage Company, a Michigan corporation, at the instigation of the Michigan public service commission, were charged with violation of authority in rendering

---

References for Points in Headnotes
[1] 14 Am Jur, Criminal Law § 19.
[2] 9 Am Jur, Carriers § 50.
    14 Am Jur, Criminal Law § 19.

transportation services in metropolitan area. Defendants dismissed on motion. The people appeal. Affirmed.

*Frank J. Kelley,* Attorney General, *Eugene Krasicky,* Solicitor General, *Samuel H. Olsen,* Prosecuting Attorney, *Aloysius J. Suchy* and *F. Clifton Lind,* Assistant Prosecuting Attorneys, for the people.

*Edward Sanders,* for defendants.

KELLY, J. Appellee W. & T. Cartage Company is a Michigan corporation duly authorized to engage in the transportation of property as a motor carrier. George Edward Wiegand was the driver. Appellees were transporting for hire (October 17, 1960) coils of steel from the plant of McLouth Steel Company in Trenton, Michigan, to another industrial plant in Plymouth, Michigan.

Both of these points are within 8 miles of the municipal limits of the city of Detroit. Appellee corporation conducts a local operation in the city of Detroit.

The Michigan public service commission issued notice charging appellees with violation of PA 1933, No 254, as amended (CL 1948 and CLS 1956, § 475.1 *et seq.,* as then last amended by PA 1959, No 232 [Stat Ann and Stat Ann 1961 Cum Supp § 22.531 *et seq.*]).

Appellees were found guilty by the Canton township justice of the peace. The finding was appealed, and a motion to dismiss on the grounds that appellees came within a statutory exemption was granted by the Wayne county circuit court. The people sought and obtained leave to appeal.

We agree with appellant's statement "that the trial court based its decision to a great degree on a rationale of reasonableness which was bottomed

upon a misconception of fact. The trial court's opinion reveals that it considers a construction which would find the commission had jurisdiction a strained construction because it would require a truck sent from Detroit to Trenton with a load for that location to return to Detroit before proceeding to Plymouth. This was not the fact situation, as the record will clearly indicate. The actual facts were that trucks employed to haul from Trenton to Plymouth originated at the appellee's place of business in Riverview, Michigan, being the garage and terminal of the company. The trucks involved herein are dispatched from Riverview, within the 8-mile zone of Detroit to Trenton, and after loading, proceed to Plymouth, all points being outside the municipal limits of Detroit."

The clause of the statutory section which requires our construction reads (CL 1948, § 479.2, as amended by PA 1957, No 150 [Stat Ann 1961 Cum Supp § 22.567]):

"Sec. 2. This act shall not apply to:    *    *    *    motor carriers of property whose local operations may extend a distance of not to exceed 8 miles beyond the boundary of such city or village in which such local operations are wholly carried on."

It is the position of the people that:

"The exemption is intended to cover only situations wherein a motor carrier of property is engaged in a local operation within a city, in which operation it hauls from points within the corporate limits of said city to other points within the corporate limits of said city. This local operation is, without question, exempt under the first clause of the statutory section in question. Given this local operation, the section further extends this exemption to cover extensions of service engaged in by said local operator to a distance of not to exceed 8 miles beyond the corporate limits of said city. But

it is the position of the people that this must be a specific extension in fact and not a constructive extension."

It is appellees' position that they "having a local operation within the city of Detroit, may extend their operations within the 8-mile exempt zone as permitted by statute without being subjected to regulation."

The section in question (PA 1933, No 254, art 5, § 2, subd (a), as amended [CL 1948, § 479.2 (Stat Ann 1961 Cum Supp § 22.567)]) was before this Court in *Grand Rapids Motor Coach Co.* v. *Public Service Commission,* 323 Mich 624. Appellant claims that said decision supports its contention in the present appeal because:

"In the *Grand Rapids Case,* cited *supra,* the Court found that the section here in question is ambiguous and held that the exemption did not apply under similar circumstances to those found here, as to motor carriers of passengers. Because the fact situation before the Court in that case did not include the question of motor carriers of property, the Court could not pass upon that question.

"Any distinction between the effect of the statutory section upon motor carriers of passengers and motor carriers of property is insignificant, and, in fact, a distinction without a difference, after taking into account the difference between 2 miles and 8 miles as the permissible extension limits."

Appellant also claims that the following opinion of the Michigan attorney general (OAG Vol 1, 1957, No 3,010, pp 407, 409 [August 26, 1957]) sustains its conclusion:

"The third question inquires as to whether a carrier who is entitled to the 8-mile exemption, *i.e.,* one having a wholly local operation, may conduct operations between points within the 8-mile area but outside the municipal limits of the city or village

or whether the origin or destination of each shipment must be within the village or city limits. Although this specific question was not before the Court in *Grand Rapids Motor Coach, supra,* the language of the Court in that case appears to indicate that either the origin or destination of shipments must be within the city or village limits.     *     *     *

"Further, all of the Court's reasoning in that case clearly indicates that all service in the exempt zone must be directly related to local operations within the municipal limits. It is clear therefore that operations between points in the 8-mile area, but outside of the city or village limits, are not exempt being entirely independent of and not related to the local operations within the village or city limits."

Appellees emphasize that the proceedings before the trial court involved criminal penalties (a fine not exceeding $100 or imprisonment for not more than 90 days, or both); that between the 1933 enactment and the 1957 attorney general's opinion cited above, the Michigan public service commission did not assert or exercise jurisdiction over common carriers within the 8-mile area; that "while the Court is not bound by any administrative body's interpretation of its own empowering act 'respective consideration' should be given it as one of the factors to be considered in arriving at the probable legislative intent"; that in *Grand Rapids Motor Coach, supra,* a civil action to vacate an order of the commission, our Court found that the section here in question is ambiguous; that "the judgment of the trial court granting appellees' motion to dismiss must be sustained" because the penal statute does not, with sufficient clarity and explicitness, define the crime and acts which constitute it.

In *People* v. *Reese,* 363 Mich 329, we said (p 335):

"In interpreting penal statutes this Court has indicated that it will require clarity and explicitness

in the defining of the crime and the classification of acts which may constitute it. The reasoning behind this rule is that a penal statute should be so clear that any ordinary person can tell what he may or may not do thereunder. *People* v. *Sarnoff,* 302 Mich 266 (140 ALR 1206); *People* v. *Goulding,* 275 Mich 353."

This penal statute is not "so clear that any ordinary person can tell what he may or may not do thereunder" and we affirm the lower court's granting of defendants' motion to dismiss because article 5, § 2, does not define with clarity "the crime and the classification of acts which may constitute it."

Affirmed.

CARR, C. J., and DETHMERS, BLACK, SOURIS, and OTIS M. SMITH, JJ., concurred with KELLY, J.

KAVANAGH, J., concurred in result.

O'HARA, J., took no part in the decision of this case.