I. Stanley Rosenthal, J.
In this matter an information was drawn against the defendant for violation of the provisions of section 1142 of the Penal Law of New York State. This is the section which makes it a misdemeanor to sell, lend, give, exhibit, or offer to sell, lend, give, etc. of any instrument or article or medicine for the prevention of conception. The cases in this *479 State and apparently the law of the State reaches back to 1917 and 1918, and though principles in these cases have been reiterated in more recent cases, the subject matter of the more recent cases are not in point and do not deal with the same subject matter.
In 1917, Mr. Justice Cropsey in Special Term of the Supreme Court, Kings County, in the case of People v. Byrne (99 Misc. 1) in which the defendant moved for a certificate of reasonable doubt, held that section 1142 of the Penal Law was constitutional.
Judge Cropsey further said (p. 5): “It was proper for the legislature to determine whether the general dissemination of information upon the subject of birth control and the sale of articles designed to prevént conception were prejudicial to public morals and inimical to the welfare and interests of the community.” He further said (p. 7): “The contention that the section is unconstitutional because it ‘ interferes with the free exercise of conscience and the pursuit of happiness ’ could probably be made by some defendant against every penal statute.”
The learned Justice then went on to say (pp. 7-8.): “ We have discussed the question as though there were no exceptions in the statute. But section 1145 of the Penal Law provides that physicians may use or prescribe the drugs and articles referred to in sections 1141 and 1142, ‘ for the cure or prevention of disease,’ and that such articles may be supplied to them or on their prescription. The defendant maintains that this is not an exception as it does not permit physicians generally to use the articles when necessary, but only to work a cure or prevent a disease. We read this section otherwise. Under it, a physician would be justified in prescribing the prohibited articles or drugs, if in his opinion the health or condition of the patient required it [case cited]. There is no reasonable doubt of the constitutionality of the statute in question, and as the guilt of the defendant is clear, the motion for a certificate of reasonable doubt must be denied.”
The following year in 1918, the case of the People v. Sanger was taken from the Court of Special Sessions of New York City to the Appellate Division, Second Judicial Department, to the Court of Appeals (179 App. Div. 939, affd. 222 N. Y. 192).
In this case Mr. Justice Crane writing the opinion for the highest court held that the law was constitutional and that the defendant’s claim, that if the law is broad enough to prevent a duly licensed physician from giving advice and help to his married patients in a proper case, it is an unreasonable regn *480 lation, and therefore unconstitutional, is inaccurate and unsound. He then pointed out section 1145 of the Penal Law in which physicians are excepted from provisions of the act under circumstances therein mentioned. He added that the protection thus afforded the physician would also extend to the druggist or vendor acting upon the physician’s prescription or order.
This is the last if not the only case on this subject upon which we have the law as laid down by our Court of Appeals, and it represents the law of the State to this day, the Connecticut case recently decided by the Supreme Court of the United States notwithstanding.
If, as it appears to the court, the demurrer interposed in the instant case may have been inspired or is now relying on the decision in the case of Griswold v. Connecticut (381 U. S. 479 [June 7, 1965]) it would not benefit this defendant or change the law regarding the subject matter as far as the State of New York is concerned. The Griswold case merely decided that the statutes concerning the subject matter, as they are written in the statute books of the State of Connecticut, are unconstitutional. The two statutes in question are one, under section 53-32 of the General Statutes of Connecticut (1958 rev.) which reads as follows: “Any person who uses any drug, medicinal article or instrument for the purpose of preventing conception shall be fined not less than fifty dollars or imprisoned not less than sixty days nor more than one year or be both fined and imprisoned”, two, section 54-196 of the General Statutes of Connecticut (1958 rev.) states as follows: “Any person who assists, abets, conceals, causes, hires or commands another to commit any offense may be prosecuted and punished as if he were the principal offender ” and under this second section it has been held in many cases that physicians are not exempt from the operation of statutes forbidding use or assistance of use of any drug or instrument to prevent conception, even where a pregnancy might result in death or serious injury to the health.
This is a far cry from our statute which does except physicians from section 1142 of our Penal Law.
In the 7-to-2 decision of the Supreme Court of the United States in the Griswold case, the reversal was based on several points upon which the several Justices agreed and disagreed among themselves in arriving’ at their decision. They even went so far as agreeing with the dissenting Justices while arriving at a contrary decision. One of the principal reasons for declaring the Connecticut statute unconstitutonal was that it invaded *481 the privacy of the marital relationship. Mr. Justice Douglas who delivered the opinion of the court stated in part (pp. 485-486): “ Would wo allow the police to search the sacred precincts of marital bedrooms for telltale signs of the use of contraceptives? The very idea is repulsive to the notions of privacy surrounding the marriage relationship.” Other Justices drew on their interpretation of the First, Fourth, Fourteenth and Ninth Amendments to the Constitution in arriving at their individual decisions. The dissenting opinion in which Mr. Justice Black and Mr. Justice Stewart joined, set forth the right of the Connecticut Legislature to enact its laws as a sovereign State and felt that it was their right to determine whether such laws should be changed and, in effect, that it was not the province of that court to invade the rights of the Connecticut Legislature.
In passing it appears to the court that if this case went to the Supreme Court of the United States the decision as to the statutes in New York State would differ from the Connecticut decision.
The court has read with interest the defendant’s memorandum of law in support of demurrer. The attorney is very eloquent and persuasive, but in the final analysis, he is still asking this court to enact new law rather than to interpret the laws on the books. It is apparent that the defendant is basing his contentions upon the social aspects, rather than the legal ones, but the court cannot do what only the Legislature can do — consider these changed social attitudes as justification to, in effect, repeal a statute. Certainly no Judge is equipped to appraise changes in social attitudes. For instance, it may be noted that strong pressure was brought to bear upon the Legislature in the recent amendments to the Penal Law, to eliminate the crime of adultery. This they declined to do, although there are many who now consider it as merely a trespass upon the socially accepted norms, and not a crime.
Granted that the modern trend on a great many subjects has changed in the last 45 years, the attitude towards civil rights, desegregation, voting rights and many, many other developments in changes which we have seen come to pass, the law concerning them was not enforcible until such laws were made by the appropriate Legislature and put in the books.
The law of this State relative to the sale, distribution, advertising, etc. of contraceptives has been delineated in section 1142 of the Penal Law, which statute has been held to be constitutional since 1917. This law has just been amended by chapter *482 637 of the Laws of 1965 which modifies the impact of this statute considerably. However, this act is not effective until September 1, 1965.
Therefore, when this defendant was arrested and charged with the misdemeanor set forth in section 1142 of the Penal Law, to which he has demurred, the law was as it was set forth, and all the rationalization of the learned attorney for the defendant cannot change that fact. What he says the law should be, although the court might even tend to agree with him, does not change that law as it then existed.
Accordingly, the demurrer entered herein is disallowed. The case is set down for September 7, 1965, at 9:30 a.m. at the Arraignment Part of this court at which time, thé defendant will he permitted to plead.