DYKE v RICHARD

1. LIMITATION OF ACTIONS—MALPRACTICE—ACCRUAL OF ACTION—LAST
TREATMENT RULE.

A cause of action in malpractice accrues from the time of the last
treatment of the injury upon which the action is based and not
from the time the injury is discovered, because even though the
Supreme Court adopted the discovery rule as that governing
accrual of actions, the Legislature expressly adopted the last
treatment rule in the same year (MCLA 600.5838).

2. LIMITATION OF ACTIONS—MALPRACTICE—PRINCIPAL AND AGENT.

The running of the malpractice statute of limitations which bars
a plaintiff's action against a doctor for his alleged negligence in
treating the plaintiff in a hospital, also bars the plaintiff's
action against the hospital based on its vicarious liability for
the actions of its agent, the defendant doctor (MCLA
600.5805[3]).

3. LIMITATION OF ACTIONS—MALPRACTICE—PRINCIPAL AND AGENT—
INDEPENDENT NEGLIGENCE.

The running of the malpractice statute of limitations which bars
a plaintiff's action against a doctor for his alleged negligence in
treating the plaintiff in a hospital does not bar the plaintiff's
action against the hospital for negligence independent of that
of the doctor (MCLA 600.5805[3]).

4. LIMITATION OF ACTIONS—MALPRACTICE—X-RAY TECHNICIANS.

The malpractice statute of limitations does not apply to actions
against hospital X-ray technicians, because they are not li-
censed professionals (MCLA 600.5805[3]).

5. LIMITATION OF ACTIONS—MALPRACTICE—PRINCIPAL AND AGENT—X-
RAY TECHNICIANS.

An action against a hospital based upon its vicarious liability for

REFERENCES FOR POINTS IN HEADNOTES
[1] 51 Am Jur 2d, Limitation of Actions § 135 *et seq.*
[2–5] 51 Am Jur 2d, Limitation of Actions §§ 137, 287.
[6] 51 Am Jur 2d, Limitation of Actions § 147.
[7] 51 Am Jur 2d, Limitation of Actions § 148.
[8] 51 Am Jur 2d, Limitation of Actions § 102 *et seq.*

the alleged negligence of its agent X-ray technician is not barred by the running of the malpractice statute of limitations, because the statute applies to actions against licensed professionals (MCLA 600.5805[3]).

6. Limitation of Actions—Malpractice—Tolling—Fraudulent Concealment.

Fraudulent concealment by a physician of a cause of action against him will toll the malpractice statute of limitations (MCLA 600.5805[3]).

7. Limitation of Actions—Malpractice—Tolling—Fraudulent Concealment.

A complaint for malpractice did not sufficiently plead fraudulent concealment necessary to toll the malpractice statute of limitations where no allegation was made that the doctor had actual knowledge of the condition upon which the action was based or that he had acted affirmatively to conceal the plaintiffs' cause of action (MCLA 600.5805[3]).

8. Physicians and Surgeons—Negligence—Malpractice.

An action against a physician is one in malpractice rather than one in contract where it is based on the physician's alleged negligence in treating the plaintiff and not on the breach of some particular contract provision.

Appeal from Washtenaw, John W. Conlin, J. Submitted Division 1 November 10, 1971, at Lansing. (Docket No. 10632.) Decided April 25, 1972. Leave to appeal granted, 387 Mich 810.

Complaint by Nelson R. Dyke and Ruth Dyke against Esther Richard and Zeline Richard for damages resulting from an automobile accident, against Dr. Irving Feller for malpractice, and against St. Joseph Mercy Hospital for malpractice and negligence. Accelerated judgment for defendant Feller and summary judgment for defendant hospital. Plaintiffs appeal. Affirmed as to defendant Feller; reversed as to defendant hospital.

*Newman & Mackay,* for plaintiffs.

*Roscoe O. Bonisteel* and *Roscoe O. Bonisteel, Jr.,* for defendant Feller.

*Keyes, Creal & Hurbis,* for defendant St. Joseph Mercy Hospital.

Before: McGREGOR, P. J., and FITZGERALD and QUINN, JJ.

McGREGOR, P. J. Plaintiffs were involved in an automobile accident on August 25, 1965, and received injuries which were treated at defendant St. Joseph Hospital. Defendant Dr. Feller was the emergency physician who treated Ruth Dyke. This action was instituted against defendants Richard for negligence in the operation of their vehicle, against defendant Feller for malpractice in failing properly to diagnose the injuries to Ruth Dyke, and against defendant hospital on the theory that defendant Feller was its agent and that he and the X-ray technicians employed by the hospital as well as the hospital itself, in failing to provide adequate standards, were negligent in failing to X-ray plaintiff Ruth Dyke's pelvic area. She claims defendants' negligence resulted in their failure to find that she had suffered a fractured acetabulum as a result of the accident, which failure caused her additional damage.

Defendants Feller and hospital moved for accelerated judgment on the grounds that the suit was started more than two years after the last service rendered by defendant Feller and defendant hospital to plaintiff, and is therefore barred by MCLA 600.5805(3); MSA 27A.5805(3).

Defendant Feller filed a "request for admissions" of plaintiff Ruth Dyke; the following facts were admitted by plaintiff: (1) that defendant Feller treated Ruth Dyke from August 25, 1965, until not

later than October 17, 1965; (2) that within two weeks after her discharge from defendant Feller, she was seen and examined by a doctor other than Feller; (3) that she was treated and examined by physicians other than defendant Feller after October 17, 1965, and until February 14, 1966, when she first discovered that she had a fractured acetabulum; (4) that plaintiff received treatment at defendant hospital during a three-month period following October 17, 1965, but at no later time, and (5) that suit was instituted February 9, 1968.

On the basis of these admissions the court granted defendant Feller's motion for accelerated judgment.

Defendant hospital moved for summary judgment against plaintiff on the basis that plaintiff had failed to state facts sufficient to constitute negligence. The trial court concluded that defendant hospital was also entitled to summary judgment.

The first issue on appeal is whether the trial court erred in ruling that the statute of limitations precluded plaintiffs from proceeding against defendants Feller and St. Joseph Mercy Hospital by applying the "last treatment" rule, in accordance with MCLA 600.5838; MSA 27A.5838.

MCLA 600.5805(3); MSA 27A.5805(3) provides:

"No person may bring or maintain any action to recover damages for injuries to persons or property unless, after the claim first accrued to himself or to someone through whom he claims, he commences the action within the periods of time prescribed by this section.

*  *  *

"(3) The period of limitations is 2 years for actions charging malpractice."

MCLA 600.5838; MSA 27A.5838 provides:

"A claim based on the malpractice of a person who is, or holds himself out to be, a member of a state licensed profession accrues at the time that person discontinues treating or otherwise serving the plaintiff in a professional or pseudo-professional capacity as to the matters out of which the claim for malpractice arose."

Plaintiffs argue that despite the clear language of MCLA 600.5838, the Court ought to hold that plaintiffs' action accrued at the time plaintiff discovered her injury. Plaintiffs urge this result because the "last treatment" rule is "grossly unfair". While plaintiffs correctly note that the Supreme Court, in *Johnson v Caldwell,* 371 Mich 368 (1963), adopted the discovery rule as the rule for accrual of actions in malpractice cases (and in doing so rejected the last treatment rule), the Legislature in MCLA 600.5838 expressly adopted the last treatment rule the same year.

Plaintiff was last treated by defendant Feller on October 17, 1965. This action was commenced on February 9, 1968. The trial court correctly granted defendant Feller's motion for accelerated judgment on the grounds that the two-year malpractice statute of limitations had run against plaintiffs.

In *Kambas v St. Joseph's Mercy Hospital,* 33 Mich App 127 (1971), *leave to appeal granted,* 385 Mich 786 (1971), this Court held that the two-year malpractice statute of limitations is applicable to licensed professionals and that, if the plaintiff's malpractice suit is barred against the licensed professional person, the suit is also barred against the hospital. The Court cited 34 Am Jur, Limitation of Actions, § 386, p 299, which states:

" 'A statute that bars a claim against an agent equally protects those in whose behalf he acted as

agent, where there are no circumstances of equity to prevent the operation of the statute in their favor.' "

Therefore, even if defendant Feller were negligent, the hospital would not be vicariously liable for the negligence of the doctor, as plaintiffs' claim against the doctor is precluded by the two-year malpractice statute of limitations. MCLA 600.5803(3); MSA 27A.5803(3).

However, the two-year malpractice statute of limitations does not apply to plaintiffs' claim that the defendant hospital itself was negligent in failing to provide adequate standards and in failing to X-ray plaintiff's pelvic area.

In *Kambas, supra,* p 132, this Court stated that:

"the plaintiff contends that the hospital is vicariously liable for the nurses' malpractice. *He does not contend that the hospital is guilty of any negligence of its own. On these facts,* the malpractice statute of limitations applies to an action against the hospital." (Emphasis added.)

Similarly, as the X-ray technician is not a licensed professional, the two-year malpractice statute of limitations is not applicable to plaintiffs' claim that the X-ray technician was negligent.

The trial court relied, at least partially, on the two-year malpractice statute of limitations in granting defendant hospital's motion for summary judgment. This constitutes error and we must, therefore, reverse on this point. However, this is not to say that the trial court is precluded from granting defendants' motion for summary judgment if the trial court finds that, independent of the two-year malpractice statute of limitations, there was no duty owed plaintiff by the hospital or the X-ray technician to take X-rays not authorized

by a licensed physician. As this issue is not properly before this Court, we decline to pass upon it.

Plaintiffs further contend that their pleadings have raised a question of fraudulent concealment on the part of defendant doctor, thereby tolling the statute of limitations. Plaintiffs' complaint states:

"2. That the defendant, Irving Feller, possessed superior and singular knowledge in the premises and was in control of the treatment of the plaintiff, Ruth Dyke, when she was in the emergency room. He was obligated to have X-rays taken of the pelvic area because the plaintiff, Ruth Dyke, was known to have severe injuries to her legs, and later it was discovered that she had a fracture of the right acetabulum. That the defendant Irving Feller, disregarding his duty to make a proper diagnosis and to order X-rays of the pelvic area, when he knew or should have known that a knee injury of this type could have caused a fracture of the acetabulum, failed and neglected to diagnose the fracture and failed and neglected to order an X-ray to determine if there was any fractures in the pelvic area.

"3. That the injury aforesaid with its permanent deformity was caused by the negligence of the defendant, Dr. Irving Feller, whose negligence consisted of:

"a. Failing to make proper diagnosis of her injury;

"b. Failing to order X-rays of her back and pelvic area, when he knew or should have known that the injury to her legs could have caused fractures to her acetabulum or pelvic area;

"c. Failing to follow up after the original emergency treatment and to diagnose her injury properly and to order X-rays of the pelvic area to ascertain if there were any fractures."

Fraudulent concealment by a physician of a cause of action against him will toll the malpractice statute of limitations and thereby preserve plaintiffs' cause of action. *Kroll v Vanden Berg,* 336 Mich 306 (1953); *Draws v Levin,* 332 Mich 447

(1952); and *Groendal v Westrate,* 171 Mich 92 (1912).

In *De Haan v Winter,* 258 Mich 293, 296 (1932), the Michigan Supreme Court stated:

> "Fraudulent concealment means employment of artifice, planned to prevent inquiry or escape investigation, and mislead or hinder acquirement of information disclosing a right of action. The acts relied on must be of an affirmative character and fraudulent."

See also *Eschenbacher v Hier,* 363 Mich 676 (1961).

Plaintiff does not allege that defendant doctor had actual knowledge of plaintiff's condition or that he acted affirmatively to conceal plaintiffs' cause of action.

The trial judge correctly determined that plaintiff did not allege sufficient facts to sustain the allegation of fraudulent concealment.

Finally, plaintiffs seek to avoid application of the two-year malpractice statute of limitations against the defendant doctor by arguing that the action against the doctor sounds in contract as well as in tort. This Court has been confronted with such arguments on numerous occasions. In *Fries v Holland Hitch Co,* 12 Mich App 178, 184–185 (1968), this Court stated:

> "We are compelled by the decisions of the Supreme Court to look to the real nature of the wrong on which the suit is based. Even though the wrong arose by virtue of some implied agreement between the parties, unless the wrong constitutes a breach of some particular provision of that agreement, actions for injury to person or property must be brought within three years [the period of the negligence statute of limitations]. *Coates v Milner Hotels, Inc,* 311 Mich 233 (1945); *Baatz v Smith,* 361 Mich 68 (1960) * * *."

See also *Smith v Gilles,* 28 Mich App 166 (1970); *Harrington v Nelson,* 32 Mich App 347 (1971).

The proper determination for plaintiffs' action against defendant doctor is one of malpractice. As such, the action is governed by the two-year malpractice statute of limitations. Plaintiffs' contention is without merit.

Affirmed in part, reversed in part.

All concurred.