**Jan PETERS and Ron Peters,
Plaintiffs,**

v.

**Jack GOLDS et al., Defendants.
Civ. A. No. 37597.**

United States District Court,
E. D. Michigan, S. D.
Nov. 12, 1973.

Sanford N. Lakin, Detroit, Mich., for plaintiffs.

B. I. Stanczyk, Plunkett, Cooney, Rutt & Peacock, Thomas G. Grubba, Detroit, Mich., for defendants.

## MEMORANDUM OPINION AND ORDER

JOINER, District Judge.

This action is based on a suit by the plaintiffs which alleges each of the individual defendant podiatrists and the professional corporation defendants are liable for malpractice. The individual defendants are podiatrists practicing together and under the name and membership of Associated Podiatrists, a Michigan professional corporation.

The wrongful acts, alleged to have been the cause of the injury to Mrs. Peters, are alleged to have been performed by Dr. Golds. No treatment is alleged to have occurred within the two (2) year period immediately prior to the institution of this action, except for an assertion that Mrs. Peters saw Dr. Luft for treatment once within that time period. This court has already ruled the Michigan two (2) year statute of limitations [M.C.L.A. § 600.5805(3); M.S.A. § 27A.5805(3)] has run as to Dr. Golds in his individual capacity because there was no contention he performed any acts within the two (2) year period. M.C.L.A. § 600.5838; M.S.A. § 27A.5838. This motion raises the same questions as to Dr. Borovoy and the corporate defendant.

There is no contention Dr. Borovoy did any acts relative to the plaintiff within the two (2) year period. The action against him as an individual, therefore, is barred by M.C.L.A. § 600.5805(3); M.S.A. § 27A.5805(3).

The status of the corporation is more complicated. Defendants contend the dismissal of Dr. Golds, the alleged primary wrongdoer, will necessarily require the dismissal of the corporation, which is vicariously liable. The validity of this general rule of liability is supported by Dyke v. Richard, 40 Mich.App. 115, 198 N.W.2d 797 (1972), and Kambas v. St. Joseph Hospital, 389 Mich. 249, 205 N.W.2d 431 (1973). A fair analysis of the problem, however, requires an earlier start.

152

The accrual of a cause of action for malpractice by a member of a state licensed profession is defined in M.C.L.A. § 600.5838; M.S.A. § 27A.5838, which provides:

"A claim based on the malpractice of a person who is, or holds himself out to be, a member of a state licensed profession accrues at the time that *person* (emphasis added) discontinues treating or otherwise serving the plaintiff in a professional or pseudo-professional capacity as to the matters out of which the claim for malpractice arose." [1]

The issue in this motion is whether a corporation is a "person" for purposes of accrual of a cause of action for malpractice.

Many modern professional persons, prompted by the public demand for their time and their own desire to implement certain tax advantages, have formed professional service corporations. These corporations may include one or more persons of the same profession. Patients may seek out one member of the corporation or sometimes merely ask for help from the corporation expecting any of its members to be qualified. Such arrangements allow the individual members of the corporation greater flexibility in utilizing their time. A patient seeking the services of one of these corporations is a patient of the corporation. He may also be a patient of the individual doctor within the corporation. Michigan statutes make clear that these professionals do not shed their individual liability for any negligent acts they

may perform by organizing into professional corporations.[2]

Only persons who are licensed in a particular profession may organize and be shareholders in the professional corporation. M.C.L.A. § 450.224; M.S.A. § 21.315(4). The corporation cannot render personal services except through persons who are licensed. M.C.L.A. § 450.225; M.S.A. § 21.315(5). The corporation may not engage in other business. M.C.L.A. § 450.227; M.S.A. § 21.-315(7). "Professional service" is defined as personal service "which requires as a condition precedent . . . the obtaining of a license . . ." and a " 'professional corporation' means a corporation . . . organized under this act for the sole and specific purpose of rendering professional service . . . ." by persons licensed to render the same service. M.C.L.A. § 450.222; M.S.A. § 21.315(2).

Michigan case law has not provided specific guidance in determining how the special accrual provision relating to malpractice should be applied to services rendered by a professional corporation. Although the Michigan legislature has provided that a corporation assumes the status of a "person" in several areas of the law, it has not specifically provided that status for the accrual of a cause of action in malpractice. M.C.L.A. § 8.3l; M.S.A. § 2.212(12), suggests this construction by providing:

"The word 'person' may extend and be applied to bodies politic and corporate, as well as to individuals." *See also,* City of Owosso v. Michigan Cent.

1. "Section 5838 is based on the ['last treatment'] rule stated and followed in the Michigan case of DeHaan v. Winter, 258 Mich. 293, 241 N.W. 923 (1932)", Comment of the Joint Committee on Michigan Procedural Revision.

2. M.C.L.A. § 450.226; M.S.A. § 21.315(6), provides in pertinent part:
". . . Any officer, shareholder, agent or employee of a corporation organized under this act shall remain personally and fully liable and accountable for any negligent or

wrongful acts or misconduct committed by him, or by any person under his direct supervision and control, while rendering professional service on behalf of the corporation to the person for whom such professional services were being rendered. The corporation shall be liable up to the full value of its property for any negligent or wrongful acts or misconduct committed by any of its officers, shareholders, agents or employees while they are engaged on behalf of the corporation in the rendering of professional services."

R. Co., 183 Mich. 688, 150 N.W. 323 (1915); People v. Ferguson, 119 Mich. 373, 78 N.W. 334 (1899); Turnbull v. Prentiss Lumber Co., 55 Mich. 387, 21 N.W. 375 (1884)."

■ In light of the structure and operation of professional corporations engaged in the practice of a profession, including podiatry, and to implement the corporate liability provision contained in M.C.L.A. § 450.226; M.S.A. § 21.315(6), a professional corporation is a "person" as contained in M.C.L.A. § 600.5838; M.S.A. § 27A.5838. A cause of action for malpractice accrues at the time the last member of a corporation rendering treatment to the plaintiff "discontinues treating or otherwise serving the plaintiff in a professional or pseudo-professional capacity as to the matters out of which the claim for malpractice arose." M.C.L.A. § 600.5838; M.S.A. § 27A.-5838.

Defendants rely on Dyke v. Richard, 40 Mich.App. 115, 198 N.W.2d 797 (1972), and Kambas v. St. Joseph Hospital, 389 Mich. 249, 205 N.W.2d 431 (1973), to support their contention that if the liability of an agent is barred, then the liability of the principal is barred as well. Such precedential reliance is misplaced in the present case. In both *Dyke* and *Kambas* the individual defendants were merely employees of the hospitals. They did not share any proprietary interest in the hospitals. In short, a professional corporation was not involved in either case.

■ In the present case all individual defendants are members of and have a proprietary interest in the corporation. One member of the corporation is alleged to have treated Mrs. Peters within two (2) years prior to the time this suit was filed. Whether that member was negligent or whether the alleged negligent act was that of another member prior to the two (2) years is not important. The corporation exists as an entity through which its various members serve the public. It serves through the service of its members. Acts of a person having a proprietary interest in a professional corporation will constitute "treating or otherwise serving the plaintiff" and will extend the running of the statute of limitations as to liability in his individual capacity and for and on behalf of the professional corporation.

■■ Michigan law is clear that insofar as possible a professional corporation is to be treated exactly as an individual member of the profession. Services of and treatment by a professional corporation, whether it is good or bad, must be performed by members of the profession. The date of the last treatment or service by any member of the corporation is the date of the last treatment by the corporation so far as accrual of the cause of action is concerned. The malpractice of any member of the corporation is the malpractice of the corporation.

## CONCLUSION

1. If it is established the last treatment by Dr. Luft has occurred within two (2) years prior to filing suit, the statute of limitations will not bar the action against him in his individual capacity for his wrongful acts.

2. Since Dr. Borovoy is not alleged nor shown to have treated Mrs. Peters within the two (2) year period, the statute of limitations will bar an action against him in his individual capacity for his wrongful acts.

3. The court has already held the action against Dr. Golds in his individual capacity is barred by the statute of limitations.

4. The action against the professional corporation is not barred by the statute of limitations for any wrongful acts performed by any of its members, if it is shown that one of the members of the corporation treated Mrs. Peters within the two (2) year period.

The motion to strike the cause of action as to Dr. Borovoy is granted and as to the corporation is denied.