KALITA v CITY OF DETROIT

1. MUNICIPAL CORPORATIONS—ORDINANCES—CONSTITUTIONAL LAW—
   NOTICE—STANDARDS—CONDUCT.

   A penal ordinance which does not provide sufficient notice of its
   elements to forewarn as to the kind of conduct which is made
   criminal, establish objective standards by which guilt may be
   determined, and adequately differentiate between conduct
   which is harmful and prohibited on one hand and innocent on
   the other hand, is constitutionally defective.

2. MUNICIPAL CORPORATIONS—ORDINANCES—CONSTITUTIONAL LAW—
   VAGUENESS—OVERBREADTH.

   A penal ordinance must be so clear that any ordinary person can
   tell what he may or may not do thereunder; its terms cannot be
   so indefinite that men of common intelligence must necessarily
   guess at its meaning and differ as to its application.

3. MUNICIPAL CORPORATIONS—ORDINANCES—CONSTITUTIONAL LAW—
   VAGUENESS—OVERBREADTH.

   A city ordinance which prohibits the sale of a "sex inciting device
   or contrivance" adequately informs persons of ordinary intelli-
   gence as to what behavior is prohibited and sufficiently deline-
   ates the activities which are made illegal so as to preclude its
   application to harmless behavior.

4. MUNICIPAL CORPORATIONS—ORDINANCES—CONSTITUTIONAL LAW—
   STANDARD OF DEFINITENESS—REASONABLE CERTAINTY.

   The language of an ordinance is sufficiently definite if it conveys
   the intended meaning with reasonable certainty; the requisite
   certainty may sometimes be supplied by materials outside the
   statutory definition of the offense; the entire text of the ordi-
   nance or the subject dealt with may furnish an adequate

REFERENCES FOR POINTS IN HEADNOTES
[1–6, 8] 56 Am Jur 2d, Municipal Corporations, Counties, and Other
   Political Subdivisions § 361 *et seq.*
[7] 32 Am Jur 2d, Federal Practice and Procedure § 47 *et seq.*
[9] 56 Am Jur 2d, Municipal Corporations, Counties, and Other
   Political Subdivisions §§ 374, 375.

standard of definiteness where the offenses are difficult to define.

5. MUNICIPAL CORPORATIONS—ORDINANCES—CONSTITUTIONAL LAW—
   VAGUENESS—OVERBREADTH—ACTIVITY OF INDELICATE NATURE.

Failure to graphically outline the conduct regulated by a penal ordinance, where the activity involved is of an indelicate nature, does not cause the ordinance to be unconstitutionally vague or overbroad.

6. MUNICIPAL CORPORATIONS—ORDINANCES—CONSTITUTIONAL LAW—
   PRESUMPTIONS—BURDEN OF PROOF.

A duly passed ordinance is presumed constitutionally valid, and the burden of overcoming the presumption must be met by the party challenging the ordinance as being vague and overbroad.

7. APPEAL AND ERROR—PRECEDENT—MUNICIPAL CORPORATIONS—ORDI-
   NANCES—POLICE POWER.

A rule promulgated by the Supreme Court may not be altered by the Court of Appeals however unwise or outdated the Court of Appeals may think the rule; therefore, the Court of Appeals is bound by case precedent holding that an ordinance which regulates the distribution of sex inciting devices or contrivances and related products is within the police power of a city.

8. MUNICIPAL CORPORATIONS—ORDINANCES—CONSTITUTIONAL LAW—
   EQUAL PROTECTION—CONTRACEPTIVES.

An ordinance designed to regulate the method of distribution of contraceptives and the competency of the distributors does not deny equal protection of the law where the ordinance makes no distinction on marital status and does not attempt to restrict either the sale or the use of these products to any class of persons.

9. MUNICIPAL CORPORATIONS—ORDINANCES—STATUTES—CONFLICT—
   STATE PREEMPTION—LOCAL INTERVENTION.

A local regulation generally does not conflict with state law where the state law has not preempted the field and can work effectively despite local intervention; the mere fact that an ordinance authorizes the imposition of a greater penalty than does the statute will not invalidate the ordinance.

Appeal from Wayne, Theodore R. Bohn, J. Submitted Division 1 November 14, 1974, at Detroit. (Docket No. 17790.) Decided January 27, 1975. Leave to appeal applied for.

Complaint by Thomas Kalita, Donald VanVleet, Frank Intravia, Steve Rajsic, Roosevelt Davis, and Norman Pruitt against the City of Detroit, John F. Nichols, Commissioner of the Detroit Police Department, and Michael M. Glusac, Corporation Counsel, for a declaratory judgment that a city ordinance is unconstitutional and a permanent injunction enjoining its enforcement. Judgment for defendants. Plaintiffs appeal. Affirmed.

*Bruce L. Randall,* for plaintiffs.

*Elliott S. Hall,* Corporation Counsel, and *Thomas H. Gallagher, William P. Doran, Peter A. Letzmann,* and *Geoffrey S. Taft,* Assistants Corporation Counsel, for defendants.

Before: BASHARA, P. J., and DANHOF and VAN VALKENBURG,* JJ.

DANHOF, J. Plaintiffs are owners or operators of adult bookstores located in the City of Detroit. They were cited for violating a municipal ordinance, § 39-1-50 of the Code of the City of Detroit, which regulates the distribution of "sex inciting devices or contrivances", and other related products. Plaintiffs thereupon brought an action seeking a declaratory judgment that the ordinance is unconstitutional, and a permanent injunction enjoining its enforcement. Arguments were heard, briefs were filed, and the trial court issued a written opinion upholding the ordinance as constitutional and denying injunctive relief. Plaintiffs appeal from this decision and order; we affirm.

Plaintiffs argue that the language of the ordinance is unconstitutionally vague because it fails

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

to accurately describe the conduct which is forbidden by the ordinance, and consequently it does not give reasonable notice of the prohibited conduct and it encourages discriminatory and arbitrary enforcement. In a related issue, plaintiffs contend that the ordinance is overbroad, so that under its nebulous standards innocent conduct is made criminal. These defects, according to plaintiffs' argument, deny due process in violation of the Michigan and Federal constitutions. Const 1963, art 1, § 17; US Const, Am XIV.

That part of the challenged ordinance, § 39-1-50 of the Detroit city code provides:

"It shall be unlawful for any person other than a druggist operating a bona fide drugstore equipped with a prescription department and actually engaged in the business of compounding prescriptions and complying with the state pharmacy laws, or a physician duly licensed to practice in the state, to sell, offer for sale, distribute or give away any appliance, drug or medicinal preparation intended or having special utility for the prevention of conception or venereal diseases, or any contraceptive devices or any prophylactic rubber goods or any other articles for the prevention of venereal diseases and infections or any sex inciting device or contrivance in the city; except, that the foregoing provisions shall not apply to wholesale druggists, jobbers or manufacturers who sell to retail drugstores for resale; and provided further, that all such articles, applicances, drugs or medicinal preparations described in this section shall when sold, offered for sale, given away or distributed in accordance with the provisions of this section, conspicuously bear the identification of the manufacturers thereon or on the retail container thereof."

A penal ordinance must provide sufficient notice of its elements to forewarn as to the kind of conduct which is made criminal, and it must establish objective standards by which guilt may be

determined. The ordinance must adequately differentiate between conduct which is harmful and which is made a prohibited activity on the one hand, and essentially innocent conduct on the other hand. An ordinance which fails to satisfy these requirements is vague, overbroad, and constitutionally defective. See *People v Otis Adams,* 34 Mich App 546, 558–559; 192 NW2d 19 (1971), modified as *People v Adams,* 389 Mich 222; 205 NW2d 415 (1973).

In the context of the case presently before this Court, the test under both of these constitutional doctrines is fundamentally the same. A penal ordinance must be so clear that any ordinary person can tell what he may or may not do thereunder; that is, the terms of the ordinance cannot be so indefinite that men of common intelligence must necessarily guess at its meaning and differ as to its application. *Connally v General Construction Co,* 269 US 385; 46 S Ct 126; 70 L Ed 322 (1926); *People v Thompson,* 259 Mich 109; 242 NW 857 (1932); *People v Wiegand,* 369 Mich 204; 119 NW2d 545 (1963).

The question then becomes, is the language of the ordinance specific enough to meet the constitutional test? More precisely, does the use of the phrase "sex inciting device or contrivance" adequately inform persons of ordinary intelligence as to what behavior is prohibited, and in so doing, does it sufficiently delineate those activities which are made illegal so as to preclude its application to harmless behavior? We conclude that it does.

The limitations inherent in the use of language prevent absolute certainty in the drafting of statutes. Words cannot be expected to convey mathematically precise meanings. Therefore, the terms found in a statute and ordinance must be exam-

ined with a reasonable eye. "It would be little short of judicial nonsense to hold that the State in defining offenses must use such simple or exact terms that they cannot possibly be misunderstood or distorted into uncertainty. If the language used conveys the intended meaning with reasonable certainty it is sufficient." *People v Thompson, supra,* 259 Mich 117. This Court discussed a constitutional challenge similar to the argument advanced here in *Dearborn Heights v Bellock,* 17 Mich App 163, 167; 169 NW2d 347 (1969), in which it was said:

"The requisite of definiteness demands no more than a reasonable degree of certainty. *Boyce Motor Lines, Inc v United States, supra* [342 US 337; 72 S Ct 329; 96 L Ed 367 (1952)]. As stated in 21 Am Jur 2d, Criminal Law, § 17:
" 'The requisite certainty may sometimes be supplied by materials outside the statutory definition of the offense. Thus, in the case of a statute that deals with offenses difficult to define, the entire text of the statute. or the subject dealt with may furnish an adequate standard of definiteness.' "

The ordinance with which we are presently concerned is primarily designed to regulate the distribution of contraceptive products and devices in general, and prophylactic rubber goods specifically. In addition to the listed and described items, any "sex inciting device or contrivance" is logically included as a manufactured item, usually made of rubber, which is used by some in connection with sexual activity and which is likely to have a tendency to encourage such activity. The phrase, therefore, derives added certitude from its inclusion among the other products.

A greater degree of exactitude in the terminology and in the definitions used in the present

ordinance cannot be expected. No effort to precisely describe in detail the devices and contrivances regulated by the ordinance could possibly be complete in view of the almost limitless imagination and degeneracy evidenced by the record in this case. Furthermore, since the activity involved is of an indelicate nature, failure to graphically outline the conduct regulated by the ordinance does not cause the ordinance to be unconstitutionally vague or overbroad. *People v Green,* 14 Mich App 250; 165 NW2d 270 (1968), *lv den,* 381 Mich 815 (1969); *People v Dexter,* 6 Mich App 247; 148 NW2d 915 (1967), and cases cited therein.

Proprietors of adult bookstores and related business enterprises, including the plaintiffs in the present case, are undoubtedly intimately familiar with the products referred to in the ordinance. Thus, "we do not here find a problem of failure of communication between the enacting legislative body and the members of the public whose behavior is sought to be controlled". *Detroit v Detroit Edison Co,* 16 Mich App 423, 428; 168 NW2d 320 (1969).

The Supreme Court of Wisconsin in *State v Arnold,* 217 Wis 340; 258 NW 843 (1935), passed upon the constitutionality of a statute which defined and regulated "indecent articles". The Court refuted the argument made by the plaintiffs here that the language used in the statute could conceivably be construed to apply to legitimate common products, and that therefore the statute was vague and overbroad. The Court concluded that the Legislature intended to confine the application of the statute only to those articles whose sole or intended purpose was within the class of conduct regulated by the statute. It is also of significance that the ordinance complained of here does not

totally curtail all traffic in these items. It merely regulates this traffic by restricting distribution to physicians and qualified pharmacists. See *People v Baird,* 47 Misc 2d 478; 262 NYS2d 947 (1965).

This Court has recognized that a duly passed ordinance is presumed constitutionally valid, and the burden of overcoming the presumption must be met by the party challenging the ordinance as being vague and overbroad. *Detroit v Wedlow,* 17 Mich App 134; 169 NW2d 145 (1969); *Detroit v Bowden,* 6 Mich App 514; 149 NW2d 771 (1967), *lv den,* 379 Mich 772 (1967). We hold that the plaintiffs have not met their burden in the present case.

Plaintiffs' next issue raises another constitutional objection to the ordinance. They contend that the ordinance is an invalid exercise of the police power because "no valid reason exists for enacting the ordinance". Apparently, plaintiffs are denying "the existence of a real and substantial relationship between the exercise of those powers in a particular manner in a given case and the public health, safety, morals, or the general welfare". *Grocers Dairy Co v Department of Agriculture Director,* 377 Mich 71, 76; 138 NW2d 767 (1966), quoted in *Tally v Detroit,* 54 Mich App 328, 335; 220 NW2d 778 (1974).

Plaintiffs recognize the controlling significance of the decision in *People v Pennock,* 294 Mich 578; 293 NW 759 (1940). In that case, our Supreme Court discussed the contention that the ordinance which was the predecessor to the one presently under consideration, and which is virtually identical in terminology, including the phrase "sex inciting device or contrivance", was not a proper exercise of the police power. After discussing the salutary purpose fulfilled by the ordinance, the Court concluded that its regulations were "within the police power of the city".

Changing conditions, attitudes, and morals are urged upon us as reason to disregard this decision made almost 35 years ago. While we are not necessarily persuaded by this argument, it matters little, because "Once a rule has been promulgated by the Supreme Court of this State, that rule may not be altered by this Court, however outdated or unwise we may think the rule". *People v Ernest Edwards,* 47 Mich App 307, 309–310; 209 NW2d 527 (1973), *lv granted,* 390 Mich 787 (1973). If plaintiffs believe that an incorrect decision was made in *Pennock,* "it is for the Supreme Court to say. As an intermediate appellate court, we are bound by the Supreme Court's opinion * * * ". *People v O'Neal,* 22 Mich App 432, 436; 177 NW2d 636 (1970).

Plaintiffs argue that the ordinance cannot be reconciled with the decision in *Eisenstadt v Baird,* 405 US 438; 92 S Ct 1029; 31 L Ed 2d 349 (1972). In that case, the United States Supreme Court held that a Massachusetts statute restricting the distribution of contraceptives violated the equal protection clause. It did so, according to the Supreme Court, because it sought to restrict the sale and use of contraceptives to married persons who could not be denied access to them under the Court's earlier decision in *Griswold v Connecticut,* 381 US 479; 85 S Ct 1678; 14 L Ed 2d 510 (1965). The ordinance in the present case makes no distinction based on marital status; it does not attempt to restrict either the sale or the use of these products to any class of persons. Rather, the ordinance is designed to regulate the method of distribution and the professional competency of the distributors of these products. Consequently, the decision in *Eisenstadt* is not in point under the facts of this case.

The final issue raised by the plaintiffs asserts that the ordinance is invalid because it conflicts with state law, MCLA 329.251 *et seq.;* MSA 14.353(1) *et seq.* This assertion is of no merit. As a general rule, local regulation in addition to state law does not constitute a conflict therewith where the statute has not preempted the field, and the state law can work effectively despite local intervention. *Walsh v River Rouge,* 385 Mich 623; 189 NW2d 318 (1971). Here, the ordinance does not conflict with the state regulatory scheme. Contrary to plaintiffs' assertion, the mere fact that the ordinance authorizes the imposition of a greater penalty than does the statute, will not necessarily invalidate the ordinance. *Owosso v Michigan Central R Co,* 183 Mich 688; 150 NW 323 (1915).

Affirmed.

All concurred.