**CITY OF ST. LOUIS, Respondent,**

v.

**Tyrone MATTHEWS, Appellant.**

**No. 34984.**

Missouri Court of Appeals,
St. Louis District,
Division One.

April 23, 1974.

Brady, Brady & Devereaux, Daniel R. Devereaux, St. Louis, for appellant.

Jack L. Koehr, City Counselor, Raymond J. Issa, St. Louis, for respondent.

KELLY, Judge.

Appellant was convicted in the City Court of the City of St. Louis of a violation of Sec. 772.010, Revised Code of the City of St. Louis, 1960, Ordinance No. 50549, of selling or offering for sale a sex inciting device and he appealed to the St. Louis Court of Criminal Correction. Sec. 479.110 RSMo 1969, V.A.M.S. Thereafter on September 12, 1972, after a trial to the court without a jury, he was again convicted and sentenced to pay a fine of $100.00 and court costs, and allowed ten days to file a motion for new trial. On the tenth day following the finding of guilt, a motion for new trial was filed, and thereafter, on the 29th day of September, 1972, his motion for new trial was overruled and he was given ten days to file an appeal. On October 11, 1972, a notice of appeal was filed with the clerk of the Court of Criminal Correction.

Appeals from judgments in cases appealed to the St. Louis Court of Criminal

Correction from city police courts are taken to the St. Louis court of appeals (now the Missouri Court of Appeals, St. Louis District) and must be applied for within ten days after judgment. Sec. 479.250 RSMo 1969, V.A.M.S. However, although not presented to this court by appellant, we have determined that there has been no judgment from which an appeal might be taken in this case and the submission of the cause on appeal must be set aside and the cause remanded to the St. Louis Court of Criminal Correction with directions to properly sentence the appellant and render a final judgment. State v. Summers, 477 S.W.2d 721, 722[1, 2] (Mo.App.1972).

The record in this court shows that after the City rested its case the appellant's counsel announced that he had no evidence. The trial court thereupon overruled appellant's motion to dismiss and announced:

> "BY THE COURT: Tyrone Matthews the Court finds you guilty as charged in the information of 'Selling of Sex Inciting Devices.'

The Court now sentences you to pay a fine of $100.00 and costs." The appellant was then granted ten days to file a motion for new trial. Within the time allowed appellant did file his motion for new trial which was, as stated supra, overruled. The record fails to evidence that the appellant was ever sentenced or that a final judgment of conviction was entered after the motion for new trial was overruled. The attempt of the trial court to sentence appellant prior to disposing of the motion for new trial was a nullity, does not constitute a final judgment, and we have no jurisdiction to hear an appeal in the absence of a final judgment in the trial court. State v. Summers, *supra*.

Accordingly we remand the cause to the trial court with directions to properly sentence the defendant and render a final judgment; the defendant may thereafter have a right to appeal from that judgment.

DOWD, C. J., and SIMEONE and WEIER, JJ., concur.