164 N.J. Super. 145 (1978)
395 A.2d 904
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
WALTER S. CIUFFINI, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted October 30, 1978.
Decided December 6, 1978.
*147 Before Judges CONFORD, PRESSLER and KING.
Mr. Stanley C. Van Ness, Public Defender of New Jersey, attorney for appellant (Mr. Philip Elberg, designated counsel, of counsel and on the brief).
Mr. John J. Degnan, Attorney General of New Jersey, attorney for respondent (Ms. Ann Zeloff, Deputy Attorney General, of counsel and on the brief).
The opinion of the court was delivered by KING, J.A.D.
Defendant was indicted for assault with intent to commit sodomy (N.J.S.A. 2A:90-2), sodomy (N.J.S.A. 2A:143-1) and impairing the morals of a child (N.J.S.A. 2A:96-3). Prior to trial, on the prosecutor's motion, the count charging defendant with impairing the morals of a minor was dismissed because the alleged victim was over 16 at the time of the incident generating the charge. At the conclusion of the State's case the trial judge dismissed the sodomy count for failure of the State to prove penetration.
The case against defendant was submitted to the jury on the charge of assault with intent to commit sodomy and attempted sodomy as a lesser included offense thereof. The jury found defendant guilty of assault with intent to commit sodomy. As interpreted by our courts, sodomy includes anal intercourse and bestiality, but does not include fellatio or cunnilingus. See State v. Morrison, 25 N.J. Super. 534 (Cty. Ct. 1953); State v. Pitman, 98 N.J.L. 626 (Sup. Ct. 1923), aff'd 99 N.J.L. 527 (E. & A. 1924). Emission is not required. State v. Taylor, 46 N.J. 316, 334-335 (1966).
*148 The prosecution arose from an incident which occurred on July 23, 1975 in the Township of Dover, Ocean County. The alleged victim, N., a male slightly over 16 years old, testified that he was hitchhiking at night and was picked up by defendant. N. agreed to go to defendant's home for an alleged party. They arrived at defendant's home at about 10:45 P.M. No one else was present, making N. suspicious. N. said that he told defendant he wanted to leave and that defendant then struck him on the forehead. N. said he became very scared and withdrawn. Sexual activity then took place after both partially disrobed. Defendant got on top of N., tongued his ear, put his mouth on N.'s penis, and put his penis between N.'s buttocks. N. said that after about one-half hour he ran from the house, walked to his home a mile and a half away, and went to bed. The next day N. told his mother about the episode and a complaint was made to the police.
At trial defendant, through counsel, contended that any sexual activity between the two was consensual, non-violent, and did not include attempted anal intercourse. The trial judge ruled that proof of consent was irrelevant. Defendant asserts that he did not testify at trial because of the court's ruling on the consent issue.[1]
Defendant's principal contention on appeal is that the trial judge erred in precluding any affirmative evidence or cross-examination on the alleged victim's consensual participation in the episode. The case was tried in September 1976 when the question of the criminality of sodomy between *149 consenting males over 16 years of age was controlled by State v. Lair, 62 N.J. 388, 396-397 (1973). The Supreme Court in Lair had rejected defendant's contention that the constitutional right of privacy immunizes unmarried participants in the act of sodomy from prosecution, although the court there recognized that the act was noncriminal when performed by married persons. Id. at 396. In rejecting defendant Lair's contention that constitutional considerations demanded decriminalization of private, consensual sodomy the Supreme Court stressed the legislative alternative to judicial reformation of this aspect of our penal law, stating:
We think it worth mentioning that several of the problems raised by the arguments presented upon this appeal would readily respond to appropriate legislation. We call especial attention to provisions appearing in the proposed New Jersey Penal Code submitted as part of the Final Report of the New Jersey Criminal Law Revision Commission (1971). Section 2C:14-2 is entitled "Sodomy and Related Offenses." This proposal "excludes from the criminal law all sexual practices not involving force, adult corruption of minors, or public offense ... based on the grounds that no harm to the secular interests of the community is involved in a typical sex practice in private between consenting adult partners. This area of private morals is the distinctive concern of spiritual authorities." 2 N.J. Penal Code: Commentary, 196. The wisdom of this or of any other like proposal is, of course, purely a matter for legislative determination. [at 397-398]
A concurring opinion by Chief Justice Weintraub expressed "reservations as to the constitutionality of the application of the sodomy statute to a consensual act between adults committed in private" but concluded that "this is not the case in which to grapple with the constitutional issue" because "there was no room for a finding that the anal penetration was consented to." Id. at 399.
However, several decisions of our Supreme Court since State v. Lair, supra, convince us it has been implicitly overruled insofar as it affirms the criminality of consensual homosexual sodomy between adults. In State v. J.O., 69 *150 N.J. 574 (1976), a unanimous Supreme Court held that the private act of fellatio between mutually consenting males was not criminally indecent exposure within the meaning of the "private lewdness" statute, N.J.S.A. 2A:115-1. The Supreme Court noted that its views on the noncriminality of the consensual homosexual conduct in which the defendants engaged squared with the terms of the then proposed Code of Criminal Justice. The court stated that "a private consensual act between adults such as committed by defendants, should not be within the ambit of criminal statutes." Id. at 577.
Finally, in State v. Saunders, 75 N.J. 200 (1977), the Supreme Court held that the fornication statute, N.J.S.A. 2A:110-1, unconstitutionally criminalized heterosexual conduct between consenting adults, in violation of their constitutional right of privacy. The majority opinion by Justice Pashman stated broadly:
We conclude that the conduct statutorily defined as fornication involves, by its very nature, a fundamental personal choice. Thus, the statute infringes upon the right of privacy. Although persons may differ as to the propriety and morality of such conduct and while we certainly do not condone its particular manifestations in this case, such a decision is necessarily encompassed in the concept of personal autonomy which our Constitution seeks to safeguard.
* * * We therefore join with other courts which have held that such sexual activities between adults are protected by the right of privacy. [at 213-214]
Lair's refusal to decriminalize private consensual sodomy between unmarried adults was, in our view, undermined by the majority opinion in Saunders when it stated in footnote 7 at 75 N.J. 217:
It may also be observed that State v. Lair, 62 N.J. 388, may have been a poor case in which to discuss the problems of sexual relations between unmarried persons. In construing our sodomy statute, N.J.S.A. 2A:143-1, we were not faced with any factual basis for finding that consent had been given for the sexual acts performed there. Thus, there was no reason to apply the constitutional *151 protection which we find today to unmarried persons. See 62 N.J. at 398-99 (Weintraub, C.J., concurring). See also State v. J.O., 69 N.J. 574 (1974), where we narrowly construed the private lewdness statute, N.J.S.A. 2A:115-1, to avoid any constitutional objection.
Of further pertinence in discerning the breadth of the constitutional path which the court took in holding that the individual's right of personal privacy and autonomy prevailed over the state's right to regulate private sexual conduct is footnote eight at 75 N.J. 219 in the Saunders majority opinion.
Our decision today confirms the determination of the New Jersey Criminal Law Revision Commission that fornication should not constitute a criminal offense. See The New Jersey Penal Code, Volume II: Commentary, Final Report of the New Jersey Criminal Law Revision Commission, October 1971, Introductory Note to Chapter 14 on Fornication at 189.
In sum, the court's legal and constitutional perception coincided with the dimensions of the pending legislative reform. Of further significance is our Supreme Court's declination in Saunders to embrace the United States Supreme Court's summary affirmance in Doe v. Commonwealth's Attorney for City of Richmond, 403 F. Supp. 1199, 1200, aff'd 425 U.S. 901, 96 S.Ct. 1489, 47 L.Ed.2d 751, reh. den. 425 U.S. 985, 96 S.Ct. 2192, 48 L.Ed.2d 810 (1976), which upheld the constitutionality of Virginia's sodomy statute as applied to private sexual conduct between consenting male adults, and its decision to rest its constitutional interpretation on our State's analogue to the Fourteenth Amendment, N.J. Const. (1947), Art. I, par. 1[2], noting that "the lack of constraints *152 imposed by considerations of federalism permits this Court to demand stronger and more persuasive showings of a public interest in allowing the State to prohibit sexual practices than would be required by the United States Supreme Court." State v. Saunders, supra 75 N.J. at 217. Our review of post-Lair judicial developments leads us to the conclusion that Lair has been impliedly overruled by State v. Saunders, supra. Where more recent decisions of the Supreme Court plainly undermine the authority of a prior decision although not squarely and explicitly overruling it, we are entitled to follow the current doctrine and need not be confined by the prior ruling. See e.g.; State v. Chiarello, 69 N.J. Super. 479, 498 (App. Div. 1961), certif. den. 36 N.J. 301 (1962). Moreover, we conclude this case is appropriate for retroactive application of the Saunders holding since defendant asserted the defense of consent at trial, this case was pending on direct appeal when Saunders was decided, and the change in the law was to defendant's benefit. State v. Nash, 64 N.J. 464, 468-471 (1974); State v. Koch, 118 N.J. Super. 421, 429-433 (App. Div. 1972).
So that our opinion today may not be misconstrued as approving or fostering what many consider opprobrious conduct, we here iterate the concluding paragraphs of the majority in Saunders.
This is not to suggest that the State may not regulate, in an appropriate manner, activities which are designed to further public morality. Our conclusion today extends no further than to strike down a measure which has as its objective the regulation of private morality. To the extent that N.J.S.A. 2A:110-1 serves as an official sanction of certain conceptions of desirable lifestyles, social mores or individualized beliefs, it is not an appropriate exercise of the police power.
Fornication may be abhorrent to the morals and deeply held beliefs of many persons. But any appropriate "remedy" for such conduct cannot come from legislative fiat. Private personal acts between two consenting adults are not to be lightly meddled with by the State. The right of personal autonomy is fundamental to a free society. Persons who view fornication as opprobrious conduct may seek strenuously to dissuade people from engaging in it. However, *153 they may not inhibit such conduct through the coercive power of the criminal law. As aptly stated by Sir Francis Bacon, "[t]he sum of behavior is to retain a man's own dignity without intruding on the liberty of others." The fornication statute mocks the dignity of both offenders and enforcers. Surely police have more pressing duties than to search out adults who live a so-called "wayward" life. Surely the dignity of the law is undermined when an intimate personal activity between consenting adults can be dragged into court and "exposed." More importantly, the liberty which is the birthright of every individual suffers dearly when the State can so grossly intrude on personal autonomy. [75 N.J. 219-220].
Following defendant's conviction here, and pending the hearing of this appeal, the Legislature adopted and the Governor signed into law the New Jersey Code of Criminal Justice, chapter 95 of the Laws of 1978; N.J.S.A. 2C:1-1 et seq., effective date September 1, 1979. The new Code of Criminal Justice codified the recommendation of the New Jersey Criminal Law Revision Commission, noted in State v. Lair, supra, and decriminalized private consensual sodomy. N.J.S.A. 2C:14-1 et seq., "Sexual Offenses." Legislative reform, of course is not sufficient standing alone for acceptance of defendant's argument that private consensual sodomy between adults is constitutionally protected conduct, retrospectively. Such reform does demonstrate the parallel judicial and legislative attitudes to the criminality of private sexual conduct.
The State contends that a defendant's consent is irrelevant to a charge of assault, citing State v. Brown, 143 N.J. Super. 571 (Law Div. 1976), aff'd o.b. 154 N.J. Super. 511 (App. Div. 1978). This is no doubt correct with respect to a violent assault capable of producing injury or designed to compel nonconsensual submission to any sexual act. However, in this case, as we construe the court's charge, the jury was presented with alternate theories of assault. The judge explained to the jury that any assault must be proven beyond a reasonable doubt and that it must have concurred with an intent to commit sodomy. The judge then said:
*154 Now there is testimony in this case as to two possible assaults. There was testimony concerning an alleged striking of Mr. N., and there was testimony with regard to an alleged placing of the defendant's penis against the body of Mr. N.
The jury was free under the testimony presented and this instruction to accept or reject one or both theories of assault, i.e., an alleged blow to N.'s head or a nonviolent technical assault, the touching of N.'s body with defendant's penis. Such a touching could have occurred with N.'s consent under a view of the evidence which the jury might have reasonably entertained if the defendant's testimony on consent had not been precluded by the judge's ruling. The judge's exclusion of any proof relevant to defendant's contention that this was a nonviolent consensual attempt at sodomy may have caused defendant to be convicted under an improper theory. Therefore, we cannot accept the State's contention of harmless error. R. 2:10-2.
Since a retrial is necessary we comment on an additional point of error claimed by defendant. He argues that he was improperly prevented on cross-examination from exploring the alleged victim's use of marijuana on the evening of the alleged criminal episode. Defendant argues that such evidence of marijuana use was relevant to the evaluation of N.'s ability to perceive and recall the events of the episode. We agree with defendant's contention. The substantially contemporaneous use of illegal and potentially dangerous drugs, insofar as it may relate to a witness' ability to perceive and recall, is highly relevant to credibility. State v. Franklin, 52 N.J. 386, 398-400 (1968) (alcohol); 3A Wigmore, Evidence (Chadbourn rev. ed. 1970), § 933 at 761-762; Annotation, "Use of drugs as affecting competency or credibility of witness," 65 A.L.R.3d 705, 720-725, 731-733 (1975). Thus this line of examination is proper but the jury should be carefully instructed that any testimony about drug use is admitted solely for the purpose of evaluating credibility, and no other.
*155 In view of the reversal the remaining points raised by defendant need not be considered.
Reversed.
NOTES
[1] The State has not suggested that N., at the age of 16 years and 2 months, was too young to consent. We do not think the State could make such a contention consistent with the Equal Protection Clause in light of the legislative approval of 16 years as the "age of consent" for female sexual conduct. See N.J.S.A. 2A:90-2 (assault with intent to carnally abuse a female under 16); N.J.S.A. 2A:138-1 (carnal abuse of a female under 16 years; New Jersey's equivalent of statutory rape).
[2] Natural and unalienable rights.

1. All persons are by nature free, and independent, and have certain natural and unalienable rights, among which are those of enjoying and defending life and liberty, of acquiring, possessing, and protecting property, and of pursuing and obtaining safety and happiness.