**POSTSCRIPT ENTERPRISES, INC. and Transcontinental Leasing Corp., Appellants,**

v.

**Hon. George F. WESTFALL, as Prosecuting Attorney of St. Louis County, Missouri, and Col. Gilbert Kleinknecht, as Commanding Officer of the St. Louis County Police Department, Appellees.**

No. 84–2382.

United States Court of Appeals, Eighth Circuit.

Submitted April 12, 1985.

Decided Aug. 27, 1985.

Murray A. Marks, St. Louis, Mo., for appellants.

Robert H. Grant, Clayton, Mo., for appellees.

Before LAY, Chief Judge, McMILLIAN, Circuit Judge, and WOODS,* District Judge.

McMILLIAN, Circuit Judge.

Postscript Enterprises, Inc. (Postscript), and Transcontinental Leasing Corp. (Transcontinental) appeal from a final order entered in the District Court for the Eastern District of Missouri granting appellees' motion for summary judgment and dismissing appellants' complaint with prejudice. Appellants brought an action pursuant to 42 U.S.C. § 1983 (1982) and 28 U.S.C. § 2201 (1982) seeking a declaration that Mo.Rev. Stat. §§ 542.281, .301 and 573.010, .030, .060, .070 (1978) are unconstitutional,

* The Honorable Henry Woods, United States District Judge for the Eastern District of Arkansas, sitting by designation.

that Mo.Rev.Stat. § 542.281, .301 do not apply to appellants' property and seeking injunctive relief requiring that appellees return all of Transcontinental's equipment seized at Postscript's place of business.[1] Subject matter jurisdiction was based upon 28 U.S.C. § 1343(3), (4) (1982). The district court held that it lacked Article III jurisdiction to address the constitutionality of § 573.010, .030, .060, .070; that Transcontinental's equipment was subject to seizure under § 542.281–1(2), but not forfeiture under § 542.301; and that it would not reach the constitutionality of § 542.281–1(1) because it was in the nature of a defense to prosecution under the statute and thus not properly before the court. The district court also found that because appellees had returned Transcontinental's equipment, appellants' request for injunctive relief was moot.

For reversal appellants argue that the district court erred in (1) holding that it lacked jurisdiction to address the constitutionality of § 573.010, .030, .060, .070, (2) declining to address the constitutionality of § 542.301 after acknowledging that it had jurisdiction to do so, and (3) holding that appellants' claim that the seized films were not within the ambit of § 542.281–1(1) was in the nature of a defense to prosecution under the statute and thus was not a proper claim for declaratory relief. For the reasons discussed below, we affirm in part, reverse in part and remand for further proceedings.

The facts in this case are fully outlined in the district court's memorandum opinion, *Postscript Enterprises, Inc. v. Westfall*, 596 F.Supp. 205, 206–08 (E.D.Mo.1984). Postscript operates the Adult Book Store in Bridgeton, Missouri. The store is divided into two sections. The front section is open to any adult; the back section is accessible only to those adults who purchase a "membership." Any adult who presents some identification and signs a statement that he or she is not a police officer may become a member for $1.00 per year. Mi-

nors are not permitted to enter the front or back sections of the store and signs to such effect are prominently posted.

The back section of the store is located behind a divider and is accessible only through an electronically controlled door. The rear section contains fifteen booths and inside each booth is a movie projector. Members enter these booths for the purpose of viewing "adult" films. In order to view a segment of a particular film, an individual must deposit a quarter into the projection unit. The films are silent and contain no titles or credits. All of the movie projectors are marked "Property of Transcontinental Leasing Corporation."

On three separate occasions within a span of twelve months, a male St. Louis County or Bridgeton Police Department detective entered the Adult Book Store and viewed all of the films located in the back section of the store. Immediately after each viewing, the detective who saw the films filed an affidavit describing each film in detail and an application for a search warrant. A Missouri trial court issued three search warrants following separate adversarial hearings conducted pursuant to Mo.Rev.Stat. § 542.281–5. The search warrants authorized the search of the bookstore and seizure of the films, projectors and booths contained therein. The search warrants were executed by the appropriate law enforcement agencies and the property was seized.

On October 22, 1982, following the execution of the third search warrant, Joseph DeAndrea, an employee of the Adult Book Store, was indicted by a St. Louis County grand jury on a charge of promoting pornography in the second degree in violation of § 573.030–1(1). Appellants allege that following the execution of the third search warrant, Postscript itself was charged with promoting pornography in the second degree, found guilty and fined $100 plus costs. Appellees contend that the record does not substantiate appellants' pornography charge and thus appellants' factual

---

1. The text of the pertinent statutory sections is located in the Appendix to this opinion. All subsequent statutory references are to Missouri Revised Statutes (Mo.Rev.Stat.) (1978).

allegation should not be taken into consideration. We disagree.

"This court may rely on any part of the record of the district court proceedings in rendering judgment on the appeal, including parts that have not been included in the clerk's record or appendix." 8th Cir.R. 7(c)(3) (1981); *see* Fed.R.App.P. 30(b). Appellants refer us to the Defendants' Exhibits K, L and Q in the district court record. These exhibits are respectively affidavits of detective Charles Scherer of the Bridgeton Police Department, detectives Tom Vohsen and J. Schupp of the St. Louis County Police Department. Each affidavit explicitly states that "Postscript Enterprises, Inc. ... was indicted by the St. Louis County grand jury for promoting pornography in the second degree" in violation of § 573.030.

Appellants filed the present action in the district court following the execution of the third search warrant. The district court dismissed appellants' claims with prejudice.

Appellants first argue that the district court erred in holding that it lacked jurisdiction to address the constitutionality of § 573.010, .030, .060, .070 because no case or controversy existed between the parties regarding those sections. Appellants argue that there was a specific threat of prosecution and a pattern of past prosecution satisfying the case or controversy requirement of Article III of the United States Constitution.

▋ Before addressing the merits of a constitutional challenge to state action, a court must decide whether the party has standing to assert the constitutional rights in question. *See Carey v. Population Services International,* 431 U.S. 678, 682, 97 S.Ct. 2010, 2014, 52 L.Ed.2d 675 (1977). " '[T]o entitle a private individual to invoke the judicial power to determine the validity of executive or legislative action he [or she] must show that he [or she] has sustained or is immediately in danger of sustaining a direct injury as the result of that action.' " *Laird v. Tatum,* 408 U.S. 1, 13, 92 S.Ct. 2318, 2325, 33 L.Ed.2d 154 (1972), *citing Ex Parte Levitt,* 302 U.S. 633, 634, 58 S.Ct. 1,

82 L.Ed. 493 (1937). " '[O]ne does not have to await the consummation of threatened injury to obtain preventative relief. If the injury is certainly impending that is enough.' " *Babbitt v. United Farm Workers National Union,* 442 U.S. 289, 298, 99 S.Ct. 2301, 2308, 60 L.Ed.2d 895 (1979), *citing Pennsylvania v. West Virginia,* 262 U.S. 553, 593, 43 S.Ct. 658, 663, 67 L.Ed. 1117 (1923). "[I]t is not necessary that [the plaintiff] first expose himself [or herself] to actual arrest or prosecution to be entitled to challenge a statute that he [or she] claims deters the exercise of his [or her] constitutional rights." *Steffel v. Thompson,* 415 U.S. 452, 459, 94 S.Ct. 1209, 1215, 39 L.Ed.2d 505 (1974). As we stated in *Postscript Enterprises, Inc. v. Whaley,* 658 F.2d 1249, 1252 (8th Cir.1981), with respect to a municipal ordinance prohibiting the sale of contraceptives and prophylactics,

> [the statute] inflicts on appellant "injury in fact" that satisfies Article III's case-or-controversy requirement since the legal duties created by the ordinance are addressed directly to vendors such as appellant. It is obliged either to heed the statutory prohibition, thereby incurring a direct economic injury through the constriction of its market, or to disobey the statutory command and suffer legal sanctions.

*See also Craig v. Boren,* 429 U.S. 190, 194, 97 S.Ct. 451, 455, 50 L.Ed.2d 397 (1976) (Plaintiff beer vendor alleged sufficient standing to challenge the constitutionality of Oklahoma statute prohibiting the sale of beer to males under the age of 21 and females under the age of 18 where vendor would either sustain economic injury or lose her license as a result of the statute's operation.).

▋ In the present case Postscript exhibits "adult" films which makes it susceptible to prosecution under § 573.030, .060. Appellants argue on the merits that § 573.030 and .060, which prohibit the promotion of pornographic material and public display of sexually explicit material, are unconstitutional as applied to them. For the purpose

of satisfying the injury in fact requirement of Article III, we cannot find any relevant distinction between appellants' status as the provider of a product in *Postscript Enterprises, Inc. v. Whaley*, 658 F.2d 1249, and appellants' status as the provider of a service in the present case. In both instances appellants must either "heed the statutory prohibition, thereby incurring a direct economic injury through the constriction of its market, or ... disobey the statutory command and suffer legal sanctions." *Id.* at 1252. We therefore conclude that § 573.030 and .060 inflict on appellants sufficient injury in fact to satisfy Article III's case or controversy requirement. We also hold that because § 573.010 defines "pornographic" as used in § 573.030 and because § 573.070 proscribes the procedure for prosecuting an individual alleged to be in violation of § 573.030 or .060, appellants have standing to challenge the constitutionality of § 573.010 and .070 as well. *See Planned Parenthood of Missouri v. Danforth*, 428 U.S. 52, 83, 96 S.Ct. 2831, 2847, 49 L.Ed.2d 788 (1976) (Where statutory provisions are inextricably bound together, they must stand or fall as a unit.).

Appellants next argue that the district court erred in declining to address the constitutionality of § 542.301. The district court held that the booths and projectors seized by the state are not subject to forfeiture under § 542.301–2(1) and thus the constitutionality of the forfeiture statute is not a justiciable issue. Appellants argue that the district court was obligated to address the constitutionality of the statute once it had found the existence of a threat of specific future harm, sufficient to satisfy the case or controversy requirement of Article III and the Declaratory Judgment Act, 28 U.S.C. § 2201. The district court explicitly held that § 542.301 poses a threat of specific future harm to appellants because appellees had informed appellants' attorney that appellants were not to remove the projectors and booths from the State of Missouri because appellees, relying on

§ 542.301, intended to seek the destruction of the property.

■ We initially uphold the district court's determination that a case or controversy exists between the parties involving § 542.301 because appellees informed appellants' attorney of their intention to seek destruction of the booths and projectors. In stating their intention, appellees were relying on the statutory language of § 542.301. Appellants have sufficiently shown the existence of an immediate threat that the statute will be enforced against them to satisfy the case or controversy requirement of Article III and the Declaratory Judgment Act, 28 U.S.C. § 2201. *See Babbitt v. United Farm Workers National Union*, 442 U.S. at 298, 99 S.Ct. at 2308; 10A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2757, at 598 (2d ed. 1983).

■ On the merits, we uphold the district court's determination that the booths and film projectors do not fall within the purview of § 542.301–2(1). Booths and projectors do not fall within the statutory definition in that section and thus are not subject to forfeiture.

■ We also uphold the district court's decision not to address the merits of appellants' constitutional challenge to § 542.-301–2(1). We initially found the existence of a case or controversy because appellees were relying on § 542.301 in threatening to seek destruction of the booths and projectors. However, because we hold that the booths and projectors do not come within the meaning of that section, appellees' threat of forfeiture is for all practical purposes an empty one.[2]

"The restriction of our jurisdiction to cases and controversies within the meaning of Article III ... is not the sole limitation on the exercise of our appellate powers, especially in cases raising constitutional questions." *Poe v. Ullman*, 367 U.S. 497, 502–03, 81 S.Ct. 1752, 1755, 6 L.Ed.2d 989 (1961); *see also* 13A C. Wright, A. Miller &

---

**2.** If appellees do attempt to seek forfeiture of the booths and projectors, appellants can then

rely on our present decision to resist those efforts.

E. Cooper, Federal Practice and Procedure § 3532.1, at 117–19 (2d ed. 1984) (justiciability comprises a jurisdictional component and a component of policy considerations). In the present case, appellants are in no real danger of forfeiting their property; thus, an opinion at this time would be advisory. *See Babbitt v. United Farm Workers National Union,* 442 U.S. at 304, 99 S.Ct. at 2311. We conclude that the district court properly exercised judicial restraint in refusing to address the constitutionality of § 542.301.

Appellants finally argue that the district court erred in holding that their claim that the seized films were not within the purview of § 542.281–1(1) was not properly before the court because it was in the nature of a defense to a prosecution under the statute. Appellants argued before the district court that pursuant to *Stanley v. Georgia,* 394 U.S. 557, 89 S.Ct. 1243, 22 L.Ed.2d 542 (1969), any attempt to apply § 542.281–1(1) to them or their customers would be unconstitutional. Appellants argued that their films were not "being held or displayed for sale, exhibition, distribution, or circulation to the public" and, therefore, did not come within the meaning of § 542.281–1(1). We agree with appellants that the district court improperly refused to address their claim.

"[I]t is not the function of the declaratory judgment action merely to anticipate a defense that otherwise could be presented in a state action." 10A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2758, at 631–32 (2d ed. 1983) (footnotes omitted). In applying this principle to dismiss the plaintiff's claim for a declaratory judgment that its carriage of motion picture film between points in Utah constituted interstate commerce, the Supreme Court observed:

Where the complaint in an action for declaratory judgment seeks in essence to assert a defense to an impending or threatened state court action, it is the character of the threatened action, and not of the defense, which will determine whether there is a *federal-question* jurisdiction in the District Court. If the cause of action, which the declaratory defendant threatens to assert, does not itself involve a claim under federal law, it is doubtful if a federal court may entertain an action for a declaratory judgment establishing a defense to that claim. This is dubious even though the declaratory complaint sets forth a claim of federal right, if that right is in reality in the nature of a defense to a threatened cause of action. Federal courts will not seize litigations from state courts merely because one, normally a defendant, goes to federal court to begin his federal-law defense before the state court begins the case under state law.

*Public Service Comm'n v. Wycoff,* 344 U.S. 237, 248, 73 S.Ct. 236, 242, 97 L.Ed. 291 (1952) (citations omitted) (emphasis added).

This principle has since been restrictively applied to defeat subject matter jurisdiction only where such jurisdiction is premised on a federal question. 28 U.S.C. § 1331. *See First Federal S & L Ass'n of Harrison, Arkansas v. Anderson,* 681 F.2d 528, 533 (8th Cir.1982); *Lawrence County, South Dakota v. State of South Dakota,* 668 F.2d 27, 30 (8th Cir.1982); *Home Federal S & L Ass'n v. Ins. Department of Iowa,* 571 F.2d 423, 427 (8th Cir.1978); *Product Engineering and Manufacturing, Inc. v. Barnes,* 424 F.2d 42, 43–45 (10th Cir.1970).

In the present case, however, the district court's subject matter jurisdiction was based upon 28 U.S.C. § 1343(3), (4) and therefore the principle enunciated in *Public Service Comm'n v. Wycoff* is inapposite.[3]

**3.** 28 U.S.C. § 1343 provides in pertinent part:
**§ 1343. Civil rights and elective franchise**
(a) The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:
....

(3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all

Additionally, appellants brought their cause of action pursuant to 42 U.S.C. § 1983 and "[w]hen federal claims are premised on 42 U.S.C. § 1983 ... we have not required exhaustion of state judicial or administrative remedies, recognizing the paramount role Congress has assigned to the federal courts to protect constitutional rights." *Steffel v. Thompson*, 415 U.S. at 472–73, 94 S.Ct. at 1222.

The plaintiff in *Steffel* had been threatened with prosecution under the Georgia criminal trespass statute for distributing handbills at a shopping center protesting American involvement in the Vietnam conflict. *Id.* at 454–55, 94 S.Ct. at 1213. The plaintiff brought an action pursuant to § 1983 seeking injunctive and declaratory relief alleging that the statute violated his first and fourteenth amendment rights and was thus unconstitutional as applied to him. *Id.* The Fifth Circuit Court of Appeals affirmed the district court's judgment refusing declaratory relief. *Becker v. Thompson*, 459 F.2d 919 (5th Cir.1972). The Supreme Court reversed and held that "federal declaratory relief is not precluded when no state prosecution is pending and a federal plaintiff demonstrates a genuine threat of enforcement of a disputed state criminal statute, whether an attack is made on the constitutionality of the statute on its face or as applied." *Steffel v. Thompson*, 415 U.S. at 475, 94 S.Ct. at 1223 (footnote omitted). In reaching this conclusion the Court noted that when a prosecution is merely threatened, as opposed to pending, principles of equity, comity and federalism have little force. *Id.* at 462, 94 S.Ct. at 1217.

When no state criminal proceeding is pending at the time the federal complaint is filed, federal intervention does not result in duplicative legal proceedings or disruption of the state criminal justice

system; nor can federal intervention, in that circumstance, be interpreted as reflecting negatively upon the state court's ability to enforce constitutional principles. In addition, while a pending state prosecution provides the federal plaintiff with a concrete opportunity to vindicate his constitutional rights, a refusal on the part of the federal courts to intervene when no state proceeding is pending may place the hapless plaintiff between the Scylla of intentionally flouting state law and the Charybdis of forgoing what he believes to be constitutionally protected activity in order to avoid becoming enmeshed in a criminal proceeding.

*Id.* at 462, 94 S.Ct. at 1217.

■ Here, as in *Steffel*, a refusal on the part of the district court to entertain appellants' declaratory judgment action challenging the constitutionality of § 542.281–1(1) will force appellants to choose between intentionally flouting state law and forgoing what they believe to be constitutionally protected activity. Because the declaratory judgment action will provide a comprehensive solution of the general conflict between the parties, 10A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2758, at 639, and because we hold that the district court has jurisdiction to entertain appellants' claim for declaratory relief regarding the constitutionality of § 542.-281–1(1), we remand this issue to the district court for further consideration.

In sum, we hold that § 542.301 is not applicable to appellants' property and that the district court erred in refusing to reach the merits of appellants' constitutional challenge to §§ 542.281–1(1), 573.010, .030, .060 and .070. Accordingly, we affirm in part, reverse in part and remand for further proceedings consistent with this opinion.

persons within the jurisdiction of the United States;

(4) To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote.

Appellants alleged in their complaint that the issuance of a search warrant pursuant to Mo. Rev.Stat. § 542.281–1(1) deprives them of their first, fourth and fourteenth amendment rights and violates 42 U.S.C. § 1983. This allegation is sufficient to satisfy the jurisdictional requirements of 28 U.S.C. § 1343(a)(3).

## APPENDIX

**542.281. Obscene matter, search warrant for—transcript of proceedings—hearing on obscenity—alteration of material after notice of hearing prohibited**

1. Any police officer, sheriff or deputy sheriff may make application for the issuance of a search warrant to search for and seize:

(1) Obscene matter being held or displayed for sale, exhibition, distribution, or circulation to the public, if such matter is of such a nature that the average person, applying contemporary community standards would find that the matter, taken as a whole, appeals to the prurient interest, if the matter depicts or describes, in a patently offensive way, sexual conduct specifically defined by Missouri law as obscene, and if the matter, taken as a whole, lacks serious literary, artistic, political, or scientific value.

(2) Property which has been used by the owner, or used with his consent, as a raw material or as an instrument to publish or produce such obscene matter.

. . . .

**542.301. Disposition of unclaimed seized property—forfeiture to the state, when—allegedly obscene matter, how treated—appeal authorized**

. . . .

2. (1) Weapons, tools, devices, and substances other than motor vehicles, aircraft, or watercraft, used by the owner or with the owner's consent as a means for committing felonies other than the offense of possessing burglary tools in violation of section 569.180, RSMo, and property, the possession of which is an offense under the laws of this state or which has been used by the owner, or used with his acquiescence or consent, as a raw material or as an instrument to manufacture or produce anything the possession of which is an offense under the laws of this state, or which any statute authorizes or directs to be seized, other than lawfully possessed weapons seized by an officer incident to an arrest, shall be forfeited to the state of Missouri.

. . . .

**573.010. Chapter definitions**

As used in this chapter

(1) **"Pornographic"**, any material or performance is "pornograpic" if, considered as a whole, applying contemporary community standards:

(a) Its predominant appeal is to prurient interest in sex; and

(b) It depicts or describes sexual conduct in a patently offensive way; and

(c) It lacks serious literary, artistic, political or scientific value.

In determining whether any material or performance is pornographic, it shall be judged with reference to its impact upon ordinary adults;

(2) **"Material"** means anything printed or written, or any picture, drawing, photograph, motion picture film, or pictorial representation, or any statue or other figure, or any recording or transcription, or any mechanical, chemical, or electrical reproduction, or anything which is or may be used as a means of communication. "Material" includes undeveloped photographs, molds, printing plates and other latent representational objects;

. . . .

(4) **"Promote"** means to manufacture, issue, sell, provide, mail, deliver, transfer, transmute, publish, distribute, circulate, disseminate, present, exhibit, or advertise, or to offer or agree to do the same;

. . . .

(13) **"Explicit sexual material"** means any pictorial or three dimensional material depicting human masturbation, deviate sexual intercourse, sexual intercourse, direct physical stimulation or unclothed genitals, sadomasochistic abuse, or emphasizing the depiction of post-pubertal human genitals; provided, however, that works of art or of anthropological significance shall not be deemed to be within the foregoing definition;

**1140**

(14) **"Displays publicly"** means exposing, placing, posting, exhibiting, or in any fashion displaying in any location, whether public or private, an item in such a manner that it may be readily seen and its content or character distinguished by normal unaided vision viewing it from a street, highway or public sidewalk, or from the property of others.

**573.030. Promoting pornography in the second degree**

1. A person commits the crime of promoting pornography in the second degree if, knowing its content and character, he:

(1) Promotes or possesses with the purpose to promote any pornographic material for pecuniary gain; . . .

. . . .

2. Promoting pornography in the second degree is a class A misdemeanor.

**573.060. Public display of explicit sexual material**

1. A person commits the crime of public display of explicit sexual material if he knowingly:

(1) Displays publicly explicit sexual material; . . .

. . . .

2. Public display of explicit sexual material is a class A misdemeanor.

**573.070. Injunctions and declaratory judgments**

1. Whenever material or a performance is being or is about to be promoted, furnished or displayed in violation of sections 573.030, 573.040 or 573.060, a civil action may be instituted in the circuit court by the prosecuting or circuit attorney or by the city attorney of any city, town or village against any person violating or about to violate those sections in order to obtain a declaration that the promotion, furnishing or display of such material or performance is prohibited. Such an action may also seek an injunction appropriately restraining promotion, furnishing or display.

. . . .

3. Any promoter, furnisher or displayer of, or a person who is about to be a promoter, furnisher or displayer of, the material or performance involved may intervene as of right as a party defendant in the proceedings.

4. The trial court and the appellate court shall give expedited consideration to actions and appeals brought under this section. The defendant shall be entitled to a trial of the issues within one day after joinder of issue and a decision shall be rendered by the court within two days of the conclusion of the trial. No restraining order or injunction of any kind shall be issued restraining the promotion, furnishing or display of any material or performance without a prior adversary hearing before the court.

5. A final declaration obtained pursuant to this section may be used to form the basis for an injunction and for no other purpose.

6. All laws regulating the procedure for obtaining declaratory judgments or injunctions which are inconsistent with the provisions of this section shall be inapplicable to proceedings brought pursuant to this section. There shall be no right to jury trial in any proceedings under this section.